# Beeber's Appeal.

1. A. applied to a register of wills for letters of administration on the estate of B. The register accepted and approved A.'s official bond with sureties, and agreed to issue the letters. He marked the bond as filed, made an entry of the grant of letters in his docket, and requested A. to call later in the day for his certificate. A. left, but called the next morning, and then took the official oath and received his certificate. *Held*, that in the interim before the second visit to the register's, A. was so far the duly constituted representative of B., that a writ of attachment directed against B.'s estate could be served upon him in that capacity.

2. How far the record of a grant of letters of administration in the docket of a register of wills may be impugned by parol evidence, not decided.

February 13th 1883. Before, SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

APPEAL from a decree of the Court of Common Pleas of *Lycoming County :* Of January Term 1882, No. 114.

This was an appeal by William Beeber and Charles Beeber, from a decree of the said court distributing the proceeds of a sheriff's sale of certain real estate of John Fox, deceased.

Before the auditor appointed to report distribution of the

fund the facts of the case appeared to be as follows : Some time prior to 1876, John Fox executed a mortgage for $2,500, to Edward Lyon, upon certain real estate whereof he was seised. In 1876, the said Fox died intestate, and letters were afterwards, in March, 1878, issued to one Jeremiah Kelley as his administrator.

On March 4th 1878, the First National Bank and the City National Bank, having obtained judgments in the United States Circuit Court against Lyon issued attachment executions thereon, wherein Kelley as administrator of Fox was summoned as garnishee. Such attachment was served on Kelley the same day.

On March 5th 1878, William Beeber and Charles Beeber, having obtained judgments in the Common Pleas against Lyon, issued similar writs of attachment, which were served on Kelley the same day. Afterwards, the interest upon the mortgage being in arrear, a writ of levari facias was issued thereon, and the mortgaged premises sold for $2,500. After deducting costs, the balance of the proceeds, viz., $2,454.76, was paid into court, constituting the fund in dispute.

Said fund was claimed by the First National Bank and the City National Bank by virtue of their prior attachments. This claim was disputed by the Beebers, upon the ground that at the time of the service of said attachment Kelley was not duly appointed as administrator of Fox.

The material facts with reference to this contention were as follows : Kelley came up to Williamsport on the morning of March 4th 1878, at the request of Lyon to take out letters on Fox's estate. He went to the register's office taking with him as his sureties William Frantz and Daniel Stock. He applied for the letters and filed the necessary bond whereon Frantz and Stock were sureties. The register told him that it was all right, but that he had not time to make out the letters just then. He accordingly asked him to call again in the afternoon. After leaving the register's office Kelley was served with the bank attachments. He afterwards met the counsel of the Beebers, and at their advice and request did not go to the register's office until the next morning, viz., that of March 5th, when he took the official oath and received the letters. These had been made out by the register as of March 4th, but before delivering them to Kelly, the deputy register erased the word "fourth" and substituted the word "fifth." A few minutes after the above transaction, the Beeber attachments were served upon Kelley.

The bond filed by Kelley was indorsed by the register as being filed on March 4th. The register's docket contained the following entries :

[Beeber's Appeal.]

| Name. | Date of Letters. | Administrator or Executor. | Amount of Bail. | Names of Bail. | Amount of Inventory. |
|---|---|---|---|---|---|
| John Fox. Died Aug. 19, 1876. | Mar. 4, 1878. | Jeremiah Kelley. | $200.00. | Wm. Frantz. Daniel Steck. | April 2, 1878. No personal Property. |

The Auditor reported upon the question raised, as follows:

"The evidence produced before your auditor is not confined, however, to the letters of administration. The register's docket produced in evidence shows as a record fact that letters of administration on the estate of John Fox, deceased, were issued to Jeremiah Kelley on the 4th day of March 1878. That on the same day a bond was accepted by the register, with William Frantz and Daniel Steck as sureties in the sum of two hundred dollars. It is claimed on the part of the Common Pleas creditors that the oath of administrator was not taken until March 5th 1878, and that the date of the letters of administration was changed to correspond with the date of the taking of the oath. There is no record evidence of the time when the oath was taken, but there is undoubted record evidence of the time when the bail bond was given to and accepted by the register. That transaction was had upon the 4th of March; the record was made up on the 4th of March, the letters were originally dated upon the 4th of March, and as the law required the register to administer the oath to his appointee at that time, the presumption is very strong that the register performed his duty. What the register did as an officer the record shows: what was afterwards done the altered letters present. The oath was undoubtedly administered on the 5th of March, in pursuance of the altered letters before witness, but the presumption is that it was also administered upon the 4th of March, in compliance with the letters as first made out. Your Auditor is of opinion that the official record of the register controls this case, and cannot be contradicted by parol evidence, and he, therefore, determines that the service of the attachment executions issued out of the United States Circuit Court at the suits of the First National Bank of Williamsport, and the City National Bank, against Edward Lyon, having been served upon Jeremiah Kelley, administrator of John Fox, deceased, garnishee, on the 4th day of March, A. D. 1878, the day of his appointment, was such a service as will bind the estate of John Fox, deceased, and he therefore makes distribution accordingly."

Exceptions were filed by the Beebers to this report, which were dismissed by the court, in the following opinion by MAYER, P. J.:

"While we might not agree with the reasons given by the

Auditor upon which he based the conclusion, we think the conclusion at which he arrived is correct. The exceptions are therefore overruled, the report of the Auditor confirmed absolutely, and it is decreed that the fund for distribution be paid over to the respective claimants in accordance with the report of the Auditor."

The Beebers thereupon took this appeal, assigning for error the decree of the court.

*Clinton Lloyds* (with whom was *W. E. Crawford*), for the appellants.—An administrator is not fully qualified to act as such until he is sworn: Miller *v.* Meetch, 8 Barr 417; Bowman's Appeal, 12 P. F. S. 166; Gardner *v.* Gantt, 19 Ala. 666; Echols *v.* Barrett, 6 Ga. 443; Cleveland *v.* Chandler, 3 Stew. (Ala.) 489; State *v.* Price, 21 Mo. 434.

The record is not such a record as cannot be contradicted: Fleming *v.* Parry, 12 Harris 47.

It may be explained: Lowry *v.* McMillan, 8 Barr 157. The bond itself shows one date, the record another; clearly, the date in the former must prevail: Vincent *v.* Huff, 4 S. & R. 298.

The register's docket of Lycoming county is not a record of anything. The Act of April 29th 1844, Pamph. L. 527, is a special Act merely.

*W. H. Armstrong* and *J. A. Beeber*, for the appellees.—The right of administration was complete on March 4th. The record shows this. The parol evidence to contradict the record was inadmissible. The function of the register in granting letters is judicial: Loy *v.* Kennedy, 1 W. & S. 398; Heron's Estate, 6 Phila. 86; Carpenter *v.* Cameron, 7 Watts 59; Holliday *v.* Ward, 7 Harris 489.

The act of the register was complete when he granted administration. The record shows that this act was done on March 4th, and the record cannot be contradicted: Hagerman *v.* Salisberry, 24 P. F. S. 280; Roy *v.* Townsend, 28 P. F. S. 329; Eyster's Appeal, 4 Harris 372; Selin *v.* Snyder, 7 S. & R. 171; Moorhead *v.* Commonwealth, 1 Grant 214; Kennedy *v.* Wachsmuth; 12 S. & R. 171; Kendig's Appeal, 1 Norris 68; Miltimore *v.* Miltimore, 4 Wright 151.

The general Acts of March 15th 1832, and June 17th 1839, require registers to keep records.

That Kelley became the administrator either on the 4th or 5th is not disputed; but even assuming, for the argument, that his functions were not fully vested until the 5th, still, when they became perfected, they relate back to the time when they were in fact granted, which, it is not disputed, was on the 4th: Leber *v.* Kauffelt, 5 W. & S. 446.

Mr Justice STERRETT delivered the opinion of the court, March 6th 1882.

The parties to this contention claimed the fund in court by virtue of attachments in execution issued on judgments which they had respectively obtained against Edward Lyon, a mortgage creditor of John Fox, then deceased. After service of the attachments, the mortgaged premises were sold by the sheriff and the proceeds brought into court for distribution. The fund was awarded pro rata to the judgments of the appellees, whose attachments were issued March 4th 1878, and served same day on Jeremiah Kelley, administrator of John Fox. Appellants' attachment was not served until the following day, and was therefore postponed to the prior attachments, unless they were void for want of proper service. It is contended by them that such was the case, because, they say, there was no personal representative of John Fox until after the fifth of March, and consequently no one on whom the writs could be legally served before that date. If they are correct in this position, the assignments of error should be sustained.

The record, made by the register at the time, in the docket kept for that purpose, shows that on March 4th 1878, letters of administration on the estate of John Fox, deceased, were granted to Jeremiah Kelley, who on same day gave bond with William Frantz and Daniel Steck as sureties. From an inspection of the record and the bond bearing the indorsement, "filed March 4th 1878," no one could doubt that Mr. Kelley was the proper person on whom to serve attachments in execution. It is to such records as this that creditors and others interested must resort for information. They are not required to call upon the administrator for the purpose of verifying the register's record of his official action. As was said in Miller *v.* Meetch, 8 Barr 421 : " The register of wills is a judicial officer, having an official seal, and required by usage, as well as the tenor of the statute regulating his proceedings, to keep a record of his acts and doings. These are public records importing verity, and as such receivable in evidence before other tribunals." It is expressly made the duty of every register "to keep a minute-book, duly indexed, in which shall be entered minutes showing what papers have been filed in his office," &c. (Purdon 1252, pl. 24); and also, " to make and certify under the seal of his office, true copies of all bonds, inventories, accounts, actings and proceedings whatsoever, remaining in his office," &c.: Purdon 1254, pl. 8. This involves the duty as well as the necessity of keeping a record of his acts and proceedings.

Without going beyond the record itself, in this case, we have positive evidence that letters of administration were granted on the day the first attachments were served ; but appellants seek

to avoid the effect of this by resorting to testimony outside the official record for the purpose of showing what occurred and when the letters were actually delivered to the administrator. Mr. Kelley testified, in substance, that he appeared before the register on the fourth day of March 1878, with his bail, and applied for letters of administration on the estate; that the register said it was all right, the bond was accepted and filed, and, because the register was not prepared to make out the letters immediately, he was requested to call for them in the afternoon. He then went out, and shortly afterwards the attachments issued by the appellees were served on him. It was afterwards suggested to him by the appellants' attorney that he should not lift the letters until the following day; and accordingly he was sworn and received the letters on the fifth of March. They had been made out for him and dated the day before, but the deputy register before delivering them erased that date and inserted the fifth, to correspond with the actual date of delivery.

Is there anything in this testimony that should be permitted to impeach the record or change its effect? We think not. The application for letters was made on the fourth of March; on that day the judicial act of granting them was performed, and the bond with approved security was then accepted and filed. A record of this proceeding was made, and all that remained to be done, was to administer the oath and hand the letters to the administrator. It will scarcely be claimed that the latter was essential, except for the purpose of furnishing him with convenient evidence of his authority, in case it should be questioned. As to the oath, it was administered before the letters were delivered, and in that the directory clause of the Act of 1832 was complied with. The failure of an administrator, who has in other respects complied with the law, to take the required oath, will not per se make void the grant of letters. In that respect, the Act may be properly regarded as directory, while in others it is mandatory. No doubt persistent neglect or refusal of an administrator to take the oath, would justify an order revoking the letters, and granting them to another. But, a failure to give the prescribed bond has a very different effect. The Act declares, in express terms, that letters granted without it shall be void: Purdon 409, pl. 21. Prior to taking the oath, the grant of letters in this case was perhaps voidable, but it was not void. Everything that was really essential to the judicial act of granting the letters having been done, and a record thereof made, on the fourth of March, we are of opinion that Mr. Kelley should thenceforth be recognized as the personal representative of the deceased, and that service of the attachments on that day was valid. The record of his ap-

pointment, and approval of his bond, was notice, to everybody, of his official character, and those who promptly acted upon it, should not be deprived of the fruits of their vigilance, by the intentional delay of the administrator to fully comply with all the requirements of the law until the following day.

Decree affirmed, and appeal dismissed at the costs of appellants.