## Ubil *v.* Miller.

*Wills—Probate—Grant of letters of administration—Res adjudicata.*

The granting of letters of administration by the register of wills is a judicial act, and can be set aside only on an appeal from his action in the matter. Such letters cannot be attacked in a collateral proceeding.

Where letters of administration have been granted in one county, and such letters have not been revoked, or the register shown to have had no jurisdiction in granting them, and no vacancy in the administration has occurred, second letters granted in another county are void, and the administrator who acts under them is without any authority to institute a suit to recover any of the assets of the estate. The fact that the decedent died in the county where the second letters were granted is not conclusive, as it may or may not have been the county of her residence at the time of her death.

Argued Nov. 20, 1900. Appeal, No. 5, Oct. T., 1900, by plaintiff, from judgment of C. P. Chester Co., on verdict of de-

fendant, in case of John E. Ubil, administrator of Margaret A. Ubil, deceased, v. Martin Miller.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Scire facias sur mortgage.   Before BUTLER, J.

From the record it appeared that plaintiff claimed to be the administrator of Margaret A. Ubil, under letters of administration granted by the register of wills of Philadelphia county on August 26, 1898.

The evidence showed that letters had been granted to Hannah M. Murray by the register of wills of Chester county on August 25, 1898.

The court charged in part as follows :

[It appears that in this jurisdiction, in Chester county, the register granted letters of administration on August 25, 1898, which grant is regular upon its face and must be taken, so far as any formalities or matters involved inherently are concerned, as a valid grant of letters of administration.   That being the case, in the view of the court there can be no other valid grant —so long as the first grant remained unrevoked there can be no other, valid, lawful grant of primary letters of administration— rather, of letters of primary administration—in this same estate.] [3]   It is an admitted fact that appears by the letters of administration offered by the plaintiff, that his authority was conferred the next day, on August 26, 1898.   In the view that we entertain, there was no vacancy at that time in the administration, and the register of Philadelphia county, who undertook to grant the second letters of original administration, had no authority or jurisdiction to do so—that his act was, therefore, a mere nullity, and that he, therefore, has no standing here to recover.] [4]   Whether the defendant is still liable to pay— whether he has paid—is a matter wholly unimportant in the view that the court takes of this case.   [This case is ruled against the plaintiff on the single ground that the plaintiff is not, for the reasons I have already stated, the administrator of the decedent.] [5] . . . .

[Take the case and dispose of it.   You understand you will render a verdict for the defendant.] [6]

Verdict and judgment for defendant.   Plaintiff appealed.

497, (1901.)] Assignment of Errors—Opinion of the Court.

*Errors assigned* were (3–6) above instructions, quoting them.

*A. M. Holding,* with him *Samuel P. Tull* and *Dilworth P. Hibberd,* for appellant.—The mere fact that letters were first granted in Chester county did not, of itself, render invalid those granted to the plaintiff in Philadelphia county, nor vest in the Chester county administrator the title to the personal property of the decedent as against a lawful administrator: Act of March 15, 1832, P. L. 135; Frick's App., 114 Pa. 29.

A register of wills, in the probate of wills and grant of letters of administration, is a judge, and his acts are judicial acts with all the force thereof: Loy v. Kennedy, 1 W. & S. 398; Carpenter v. Cameron, 7 Watts, 59; Holliday v. Ward, 19 Pa. 485.

The grant of letters of administration by the register is a judicial act, and until such letters be revoked, all persons acting by virtue of their authority are protected, and payment would be a bar to a second action: Roderigas v. East River Savings Institution, 15 Am. Law Register, 205 ; Holliday v. Ward, 19 Pa. 485; Kase v. Best, 15 Pa. 101; McCay v. Clayton, 119 Pa. 138; Irwin v. Hanthorn, 1 Pa. Superior Ct. 149 ; Frick's App., 114 Pa. 34.

*D. Smith Talbot,* for appellee.—No matter how plainly it may be made to appear that the register had no authority to grant the letters, it must be regarded as in full force until regularly reversed by some court of appellate jurisdiction: Lovett v. Mathews, 24 Pa. 332; Yaple v. Titus, 41 Pa. 202; Holliday v. Ward, 19 Pa. 485.

In case the register of wills in Chester county had no authority to grant the letters, they must be regarded as in full force until regularly reversed by the proper court: Lovett v. Mathews, 24 Pa. 332; Yaple v. Titus, 41 Pa. 202; Devlin v. Com., 101 Pa. 273.

OPINION BY ORLADY, J., March 19, 1901:

Margaret A. Ubil died June 18, 1898, and letters of administration on her estate and effects were regularly granted by the register of wills of Chester county on August 25, 1898, to Hannah M. Murray, a daughter of the decedent. Letters of administration were granted by the register of wills of Philadel-

phia county in the same estate on August 26, 1898, to Harold
C. Irvin, which were subsequently revoked, and letters were
then issued by the register of wills of the said county to John C.
Ubil, who brought this action of scire facias sur mortgage in
the court of common pleas of Chester county to recover from
the defendant the money due on a mortgage given by him to
the decedent. The right of this plaintiff to maintain the action
depends upon the validity of the letters of administration issued
by the register of Philadelphia county.

The register of Chester county having acted first in granting
letters to a proper person, and they never having been revoked
or challenged, that action must be considered valid. These
letters gave to Hannah M. Murray, as administratrix, the legal
right to receive and receipt for the money due by the defend-
ant on the mortgage and to enter satisfaction of that security
on its record. The rights of these two administrators, each
claiming to be the legal representative of the decedent, are in-
consistent, hence both cannot be valid. The granting of letters
by the register of Chester county was a judicial act and could
be set aside only on an appeal from his action in the matter:
Holliday v. Ward, 19 Pa. 485; Beeber's Appeal, 99 Pa. 601.

The record of these letters was properly received in evidence
to show that at the time the register of Philadelphia county
acted, there was a legal administration of the estate in the
county in which the present action was being tried, which rec-
ord affirmatively disclosed a want of jurisdiction in the regis-
ter of Philadelphia county. The fact that Margaret Ubil died
in Philadelphia county was not conclusive of the jurisdiction
of the register of that county to grant letters of administration
on her estate. It may or may not have been "the county within
which was the family or principal residence of the deceased,"
as provided by the act of March 15, 1832. On this subject
there is no evidence on this record. But until the first letters
of administration were revoked, or until it was shown that the
register granting them did not have jurisdiction, or a vacancy
in administration occurred, the second letters were void, and
the administrator who acted under them was without any au-
thority to institute a suit to recover any of the assets of the
estate.

The judgment is affirmed.