## Wagner's Estates

*Frank B. Warfel* and *Richard C. Snyder*, for petitioner.

*Robert Madore*, for respondent.

WRIGHT, P. J., January 29, 1943.—Upon petition of Carrie M. Wagner, administratrix of the estate of

George H. Wagner, the orphans' court issued a citation upon J. A. Wagner to show cause why he should not be removed as administrator d. b. n. of the estates of Susan and Fred Wagner. Counsel for the respondent filed an answer asking that the citation be dismissed for the reason that the orphans' court was without jurisdiction to entertain the prayer of the petition. While it is not so designated, this answer is in effect a demurrer. Within its statutory limits the orphans' court exercises the powers of a court of equity, and follows equitable pleading and practice: Willard's Appeal, 65 Pa. 265. While infrequently used, a demurrer is proper when it is desired to raise a point of law attacking the legal sufficiency of the prior pleading: Remick's Orphans' Court Practice, sec. 292.

Respondent contends first that the granting of letters by the register is a judicial act and can be set aside only on appeal, citing Holliday v. Ward, 19 Pa. 485, Beeber's Appeal, 99 Pa. 596, and Ubil v. Miller, 16 Pa. Superior Ct. 497. This contention cannot be sustained. It is true that under certain circumstances the register of wills has the power to revoke letters of administration. This power is expressly conferred whenever letters have been granted to, or on the nomination of, persons who are not the next of kin of the decedent, or whenever a will is subsequently proved: Register of Wills Act of June 7, 1917, P. L. 415, sec. 5. However, the power is limited to the revocation of letters granted improvidently: Phillip's Estate, 293 Pa. 351 (after a caveat has been filed) ; Davies' Estate, 146 Pa. Superior Ct. 7 (to a creditor without proper notice) ; Neidig's Estate, 183 Pa. 492 (to a person other than the next of kin) ; and the power is merely permissive: Boytor's Estate, 130 Pa. Superior Ct. 591. The register acts in a quasi-judicial capacity so that, on appeal, the authority of the orphans' court is limited to a review of his discretion as an inferior judicial officer: McMurray's Estate, 256 Pa. 233.

This revocation proceeding, which is initiated before the register of wills, must be distinguished from a proceeding to remove an administrator who was originally appointed properly: Remick's Orphans' Court Practice, sec. 50. In the latter case, jurisdiction is expressly vested in the orphans' court: Orphans' Court Act of June 7, 1917, P. L. 363, sec. 9(d); and the petition is properly addressed to the orphans' court under the Fiduciaries Act of June 7, 1917, P. L. 447: Purman's Estate, 334 Pa. 238.

Respondent's second contention is that the petition is insufficient in that it does not allege any legal ground for removal. The Fiduciaries Act provides that the orphans' court shall have exclusive power to remove an administrator in certain specified cases: sec. 53(a). An examination of the present petition discloses that it does not set forth any of these statutory reasons. We feel that the petitioner should be required to plead properly if she desires the court to consider the merits of her case, and therefore propose to sustain the demurrer on this ground. It might then be suggested that, following equity practice, we should permit the petitioner to amend. We do not determine this question, as we have concluded that, regardless of any amendment of the reasons alleged for removal, the proceeding cannot continue in its present form. The petitioner has improperly attempted to combine two estates in one proceeding, whereas a separate petition should have been filed in each estate.

### Decree

Now, to wit, January 29, 1943, the citation heretofore issued upon J. A. Wagner to show cause why he should not be removed as administrator d. b. n. of the estates of Fred and Susan Wagner is hereby dismissed, without prejudice, at the cost of the petitioner. An exception is noted to Carrie M. Wagner, administratrix of the estate of George H. Wagner.