# McMurray's Estate.

*Decedents' estates—Administration—Parties entitled to administer—Register of wills—Discretion—Proper exercise.*

1. It is the duty of the register of wills in the first instance to grant letters of administration and in the performance of that duty he acts judicially and his selection cannot be disturbed by the Orphans' Court or on appeal unless his discretion has been abused.

2. While an appeal from a decision of the register of wills granting letters of administration in a certain sense brings the matter complained of before the Orphans' Court de novo, that court does not, strictly speaking, act originally but is confined to a review of the discretion exercised by the register.

3. When the class primarily entitled to administration consists of several persons, it is the duty of the register to grant letters to such one or more of them as he shall judge will best administer the estate. He can grant letters to them all jointly, or to one alone. He is not bound to select the oldest in preference to the youngest of the class.

4. Where the register of wills selected from the proper class one admittedly competent as administrator and against whom no ob-

jection was made by a majority of those interested in the estate, it was error for the Orphans' Court to reverse the decree of the register and direct that letters be issued to another member of the class on the ground that insufficient weight had been given to evidence that decedent desired that such person should settle his estate, as the register was not required to give controlling weight to this alleged direction of decedent.

Argued Oct. 13, 1916. Reargued Oct. 24, 1916. Appeal, No. 119, Oct. T., 1916, by Joseph McMurray, from decree of O. C. Allegheny Co., March T., 1916, No. 271, reversing decree of Register of Wills, in Estate of William McMurray, Deceased. Before Brown, C. J., Mestrezat, Potter, Stewart, Moschzisker, Frazer and Walling, JJ. Reversed.

Appeal from decree of register of wills granting letters of administration. Before Trimble, J.

The opinion of the Supreme Court states the facts.

The register of wills granted letters of administration to Joseph McMurray. The Orphans' Court reversed the decree of the register of wills and directed that letters be issued to Edward M. Reis, another nephew of William McMurray. Joseph McMurray appealed.

*Error assigned* was the decree of the court.

*Charles K. Robinson,* with him *Frank H. Kennedy,* for appellant.—Where the register of wills appoints a person of the proper class and where his appointee is in every way qualified and competent, the Orphans' Court cannot review his discretion and set aside his appointee on their own judgment as to the relative merits of the appointment: Brubaker's App., 98 Pa. 21; Levan's App., 112 Pa. 294; Shomo's App., 57 Pa. 356; Elliott's Est., 2 Pa. D. R. 382; Wood's App., 55 Pa. 332; Wilkey's App., 108 Pa. 567.

The fact that Joseph McMurray was the eldest of the class entitled to administer is a matter which the register

had a right to consider in selecting a person to be appointed administrator: Able's Est., 1 Leg. Gaz. Rep. (Pa.) 420.

*John Rebman, Jr.*, for E. M. Reis, appellee.

OPINION BY MR. CHIEF JUSTICE BROWN, January 8, 1917:

William McMurray died January 22, 1916, intestate, unmarried and without issue, leaving to survive him as his next of kin and heirs at law seventeen nephews and nieces and five grandnieces, representing three deceased nephews or nieces. Joseph McMurray, a nephew, applied for letters of administration on his estate. This was opposed by Edward M. Reis, another nephew, who asked that letters be issued to him. After hearing each of them and their witnesses, the register granted letters to McMurray. On appeal to the Orphans' Court, the decree of the register was reversed and it was ordered that letters be issued to Reis. Subsequently, on the application of McMurray, the matter was reargued before the court, but it declined to disturb its decree.

To the register of wills is committed, in the first instance, the duty of granting letters of administration, and he acts judicially in the performance of that duty. From a decree granting or refusing letters an appeal lies to the Orphans' Court, under Section 31 of the Act of March 15, 1832, P. L. 135, 144. While such an appeal, in a certain sense, brings the matter complained of before the Orphans' Court de novo, that court does not, strictly speaking, act originally, but is confined to a review of the discretion exercised by an inferior judicial officer, in whom it is vested by Section 22 of the Act of March 15, 1832; and if the legal discretion of that officer has not been abused in his appointment of an administrator, his selection cannot be disturbed: Wilkey's App., 108 Pa. 567; Levan's App., 112 Pa. 294. In Brubaker's App., 98 Pa. 21, Jacob Sheaffer died intestate, leaving as his only heirs

at law two married daughters, Elizabeth Brubaker and
Lavina Wolf.    Letters of administration on his estate
were granted by the register to Mrs. Brubaker, the elder
daughter.   Subsequently the petition of the younger was
presented, praying that she be joined with her sister in
the administration of their father's estate.    This was re-
fused by the register, and thereupon Mrs. Wolf appealed
from his decision to the Orphans' Court, which sustained
her appeal and ordered letters of administration to be is-
sued to her on her father's estate.    In reversing this
action by the court and affirming what the register did,
we said: "When the class primarily entitled to adminis-
tration consists of several persons, it is the duty of the
register to grant letters to such one or more of them as he
shall judge will best administer the estate.   He may thus
grant letters to them all jointly, if they so desire; or, in
his discretion, he may select one of them and commit the
administration to him alone, to the exclusion of the
others;  and, when properly exercised, his discretion is
not the subject of review either in the Orphans' Court or
here.   He is not bound to select the oldest in preference
to the youngest of the class entitled to administration.
Primogeniture gives no right of preference, so as to weigh
against the wish of the majority of interest; yet, if things
are precisely equal—if the scale is exactly poised—being
the elder brother would incline the balance: Hood on
Executors 64; 1 Williams on Executors 427.   And the
same principle applies to the elder of two sisters......
'When administration has been committed to any of the
next of kin, others, even in the same degree of kindred,
have, during the life of the administrator, no title to a
similar grant:' Hood on Executors, 64.   In the case be-
fore us the two daughters of the intestate were equally
competent to administer, and the register might have
granted letters to both jointly if they had so desired;
but he was not bound to do so.   In the exercise of his dis-
cretion he selected Mrs. Brubaker, who requested that
letters should be issued to herself alone.   Having done

so, it was not in his power to revoke the letters thus granted, or to join the younger sister in the administration against the will of the other."

In the case before us it was the duty of the register to grant letters of administration to a nephew of the intestate, if qualified to administer the estate. Did he make an improper selection from the class from which he was required to appoint? This must be determined from what was developed at the hearing before him, for the lower court acted upon it alone, under an agreement of counsel that the appeal was to be heard on the petition for it and answer thereto, if any should be filed, and upon the testimony which had been taken before the register; and no testimony, facts or pleadings which were not part of the record when the case was originally before the court were taken into consideration by it on the reargument.

Three nephews and one niece testified before the register that they wished letters to be issued to Joseph McMurray, the appellant. Two nephews and one niece testified that they preferred Edward M. Reis, the appellee. Three nephews, one niece and three grandnieces requested, in writing, that letters be issued to McMurray, but the court below refused to consider these requests, for the reason that they had not been offered in evidence; but it nevertheless took into account similar requests in favor of Reis, made by two nieces and two grandnieces, though they had not been offered in evidence, so far as appears from the record. In view of this the learned president judge of the court below inadvertently erred in saying that a majority in interest in the estate of the deceased, who had signified a preference as to whom the register should appoint, requested him to appoint Edward M. Reis.

Seven witnesses testified before the register as to the good business habits of Joseph McMurray, and to his fitness to administer the estate of his deceased uncle, and no one was called to contradict them. His com-

petency to administer the estate is admitted by the learned court below in its opinion refusing to sustain the register. That officer, who had original jurisdiction in the matter, selected from the members of the proper class one admittedly competent to administer the estate, and against whom no objection was made by a majority of those interested in it. But, notwithstanding all this, the learned court below reversed the register and directed that letters be issued to Reis, because sufficient weight had not been given to the testimony that the decedent had consulted him in business transactions and had expressed a desire that he should settle his estate. In exercising the discretion given to him the register was not required to give controlling weight to this alleged declaration of the intestate. If his real desire had been that the appellee should administer his estate, he could have expressed such desire in a single written line, and that nephew would have become his personal representative after his death. This expressed desire may have been taken into consideration by the register in connection with all the other testimony before him, but, be this as it may, he granted letters to one from a class from which the statute required him to select; his appointee was admittedly a fit person to administer the estate, and, with no superior legal right in the appellee, or any one else, to administer, the letters granted to the appellant ought not to have been vacated.

The assignments of error are sustained, the decree of the Orphans' Court is reversed and set aside, and the decision of the register is affirmed, all costs below and on this appeal to be paid by the appellee.