# Phillip's Estate.

*Wills — Probate—Caveat—Bond—Executors and administrators —Revocation of letters—Words and phrases—Act of June 17, 1917, P. L. 415.*

1. A caveat is an intimation given to some judge or officer notifying him to suspend a proceeding until the merits of the caveat are determined.

2. The office of a caveat in a decedent's estate is to arrest the proceedings, and it inures to the benefit of all parties interested in the subject.

3. A caveat separately filed by each heir or other person interested, is unnecessary.

4. Under the Act of June 7, 1917, P. L. 415, to continue the effect of a caveat beyond ten days from its filing, a bond must be filed.

5. If the register issues letters within the period of ten days, his act is without authority of law, and may be vacated.

6. If a register has issued letters within such period, he has the inherent power to revoke them, and such power is not limited to the two instances mentioned in the Act of 1917.

7. Even under the Act of 1917, an unlawful designation of any person would be equivalent to the appointment of one not within the class designated by the statute.

Argued March 19, 1928. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 35, March T., 1928, by George W. Phillips, administrator, from decree of O. C. Greene Co., June T., 1926, No. 34, dismissing appeal from order of register of wills revoking letters of administration in estate of Isabelle Phillips, deceased. Affirmed.

Appeal from order of register of wills, revoking letters of administration. Before SAYERS, P. J.

The opinion of the Supreme Court states the facts.

Appeal dismissed. George W. Phillips, to whom letters had been issued, appealed.

*Error assigned,* inter alia, was decree, quoting record.

*Walter C. Montgomery,* with him *Challen W. Way-choff* and *Roy J. Waychoff,* for appellant.—The register of wills (also orphans' court) has a limited jurisdiction defined by legislative enactment, and has only those powers which are expressly given: Cohen's App., 2 Watts 175.

The Act of 1917 specifies the legislative intent as to the powers of revocation to be exercised by the register. This power has been exercised to some extent under the old act, but the jurisdiction is now clearly defined and limited by legislative enactment, and the register will therefore have only the powers thus expressly given: Neidig's Est., 183 Pa. 492; Guldin's Est., 81* Pa. 362; Brubaker's Est., 98 Pa. 21; McMurray's Est., 256 Pa. 233.

The entering of a caveat is not the institution of a proceeding or action at law, and is to be distinguished therefrom: Nichol's Est., 174 Pa. 405; Bailey's Est., 281 Pa. 392.

*J. I. Hook,* of *Scott & Hook,* for appellee.—Letters of administration should not have been granted by the register of wills, within ten days after filing the caveat, to the caveator: Miller's Est., 166 Pa. 97; Kenyon v. Stewart, 44 Pa. 179.

Prior to the Act of 1917, it had become the established practice in this State for the register of wills to revoke letters of administration wrongfully and improvidently granted by him: Herme's Est., 32 Pitts. L. J. 474; Williams's App., 7 Pa. 359; Comfort's Est., 12 Pa. C. C. R. 571; Harman's Est., 1 Lanc. L. R. 204; Neidig's Est., 183 Pa. 492.

The application to revoke letters of administration should be made to the register of wills and not to the orphans' court: Dundas's Est., 15 Pa. Dist. R. 90; Sudam's Est., 3 W. N. C. 305; Potts's Est., 37 Leg. Int.

182; Farrell's Est., 1 W. N. C. 315; Sharpless's Est., 28 Pa. Dist. R. 746.

The granting of letters to George W. Phillips, without notice to Curl H. Phillips, clearly comes within the act giving the register of wills power to revoke the letters granted to persons who are not *the next of kin of the decedent entitled to administer:* Wehry's Est., 47 Pa. C. C. R. 486; Brubaker's App., 98 Pa. 21; Bieber's App., 11 Pa. 157; McCaffrey's Est., 38 Pa. 331; Kern's Est., 212 Pa. 57.

OPINION BY MR. JUSTICE KEPHART, May 7, 1928:

The court below held that filing a caveat against the granting of letters of administration stayed all proceedings for a period of ten days, unless a bond was filed. Letters were granted by the register within ten days; they were later set aside by that officer, which action the court below sustained.

A caveat is an intimation given to some judge or officer notifying him to suspend a proceeding until the merits of the caveat are determined. The Act of 1917, P. L. 415, section 20 (a), reads as follows: "It shall not be lawful for any register of wills......to entertain......any caveat against the......granting of letters testamentary, or of administration......unless, ......within ten days after the filing of such caveat, ......a bond......be approved," and section 20 (b), "In case no bond......shall be filed......within ten days after the filing of any caveat......such caveat ......shall be considered abandoned; and shall be dismissed and proceedings may be had in all respects as if no such caveat or appeal had been filed."

The office of a caveat in an estate is to arrest the proceedings, and it inures to the benefit of all parties interested in the subject; a caveat separately filed by each heir or other person interested, is unnecessary: Miller's Est., 166 Pa. 97. This right is saved to all by the caveat of any one of these persons filed within the proper

time, since all the others may and must be joined or afforded an opportunity to join in the contest. "Caveat, let him beware, is a notice, given by a party having an interest, to some officer not to do an act till the party giving the notice has a chance to be heard, as to the register of wills......not to grant letters of administration......until the objections can be heard": Kenyon v. Stewart, 44 Pa. 179, 189.

The caveat filed in this case was not specific, but warned against granting letters to any person. To continue its effect beyond ten days, a bond must be filed; but, until that time had expired, the effect of filing a caveat was to arrest or suspend all proceedings directed toward the granting of letters. During that time, the register was without capacity to grant letters. When he undertook to so act within the period, his act was without authority of law, and, as such, could be vacated.

Had the register jurisdiction to vacate the grant of letters? Section 5 of the Register's Act of 1917, P. L. 417, reads: "Any register of wills shall have power to revoke letters of administration granted by him whenever it shall be made to appear......that such letters have been granted to......persons who are not the next of kin of the decedent......or whenever......a will of decedent shall be duly approved and admitted to probate." What is referred to in this section is the power and authority to revoke letters granted improvidently, the right to grant letters to proper persons being conceded; the act is not directed at the total lack of right or power to grant any letters. It is unnecessary for us to determine whether the Act of 1917 might be construed as limiting the authority of the register to revoke the granting of letters to the two instances mentioned. The right to revoke letters wrongfully or improvidently granted has been recognized prior to this act: Williams's App., 7 Pa. 259; Neidig's Est., 183 Pa. 492. Such application must be made to the register and not

to the orphans' court: Sudam's Est., 3 W. N. C. 305; Farrell's Est., ALLISON, P. J., 1 W. N. C. 15. In granting letters, the register acts in a quasi judicial capacity, so much so that, when an appeal is taken, the authority of the orphans' court is limited to a review of his discretion as that of an inferior judicial officer: McMurray's Est., 256 Pa. 233, 235. Such officers have the inherent power to annul or vacate orders made unquestionably without any authority or jurisdiction, and that is the right here exercised.

Moreover, under section 5, the letters are to be granted to a proper person within a given class, and, if not, the letters may be revoked. An unlawful designation of any person would be equivalent to the appointment of one not within the class.

Decree affirmed at cost of appellant.