## Wertz Estate (No. 1)

Markowitz, Liverant, Boyle, Rauhauser & Kagen, for appellant.

John T. Logan, Stock & Leader, for respondent.

GROSS, P. J., July 29, 1955.—This proceeding is an appeal from the decision of the Register of Wills of the County of York, refusing to revoke letters of administration granted on the Estate of Earl Leroy Wertz, deceased.

There are also two other like appeals pending in

the Estates of Donald H. Baldwin, deceased, and Elmer G. Armicost, deceased.

Except as to names, the facts relating to each appeal and the issues involved are identical but, in order to make a complete record, we will file a copy of this opinion, changed as to names only, with an appropriate decree in each estate.

The petition to revoke was filed before the register of wills in each estate by Clarence E. Wolf, pretending to be a party in interest, as will hereinafter appear, on October 26, 1954, and a citation thereon was awarded, returnable on the first day of December 1954, at which time a hearing was held before the register of wills.

No answers were filed to the petition to revoke, but the administrator, who is the same person in the three estates, by his attorney, filed a motion in each estate to dismiss the petition to revoke on two grounds: (1) That the petitioner is not a party in interest entitled to object and (2) that the petition fails to allege any basis sufficient in law to justify revocation.

While not formally joining in the several petitions to revoke, Morgan G. Hively, also pretending to be a party in interest, as will hereinafter appear, was represented by counsel at the hearing before the register of wills to advocate the revocation of the letters. He, however, singularly failed to appeal from the adverse decision of the register and also refrained from taking part in the arguments of the appeals before the court. We, therefore, conclude that he has abandoned taking any further part in these proceedings.

No witnesses were called to testify at the hearing before the register. By stipulation of counsel, the decision of the register was based upon the record, together with certain admitted facts, all of which have been duly certified to this court and from which the following facts appear:

On January 18, 1954, the three decedents above named were fatally injured in a collision in which three motor vehicles were involved, on a public highway located in the said County of York. One of these motor vehicles was being operated and driven by said Earl Leroy Wertz, having with him as passengers, Baldwin and Armicost. Another motor vehicle was being driven and operated by Clarence E. Wolf, and the third by the servant and employe of Morgan G. Hively.

The five persons involved in this unfortunate accident were residents of said County of York, and Wolf and Hively still reside in the said County of York.

On February 13, 1954, the widow of each decedent filed her renunciation of her right to letters of administration on her deceased husband's estate and nominated in her stead Marvin K. Wertz, a resident of the State of Maryland, to whom the register granted letters of administration in each of the three estates.

In his petitions to the register for the granting of letters in all three estates, Marvin K. Wertz set forth that the decedent was not possessed of any personal property or real estate and that letters of administration were requested, "in order to institute suit on behalf of the estate of the decedent, it being averred that decedent's death was due to the negligent operation of a motor vehicle owned by Morgan G. Hively of York, Pennsylvania".

In September, 1954, the administrator filed three suits against Morgan G. Hively, one on behalf of each estate, in the United States District Court for the Middle District of Pennsylvania, to recover damages under the wrongful death statute and survival statute, for the wrongful death of each decedent, alleged to have been caused by the negligent operation of Hively's motor vehicle. Subsequently, and after due proceedings had, Clarence E. Wolf was made an addi-

tional defendant in all three of the above mentioned suits.

On October 7, 1954, said administrator also entered three suits against said Wolf and Hively, as codefendants, in the Court of Common Pleas of York County, which suits are based upon the same causes of action and in which the same damages are claimed as set forth in the suits instituted in the United States District Court.

At this point, it may not be unwise, although perhaps, unnecessary, to add that, on January 17, 1955, the widow of each of said decedents, (presumably under Rule 2202(b) of the Pennsylvania Rules of Civil Procedure) entered a suit in her own name, as trustee ad litem in the Court of Common Pleas of the County of York against Wolf and Hively, as codefendants, which suits are based upon the same causes of action as in the former suits; and, on January 20, 1955, the administrator discontinued the former suits in the court of common pleas.

The suits in the Federal court, as well as the latter suits entered in the Court of Common Pleas of the County of York, are still pending and undetermined.

Although the decision of the register, refusing to vacate the letters of administration granted in each estate, was handed down on December 20, 1954, the appeals therefrom by Wolf to this court were not filed until April 6, 1955; and, on the same day identical petitions by Wolf, the appellant, were filed in each estate praying for a citation directing Wertz, the administrator, to show cause why the appeal from the decision of the register, in each estate, should not be sustained; or, in the alternative, to show cause why the orphans' court should not revoke the letters of administration granted in each estate. Citations were awarded as prayed for, returnable April 25, 1955, and,

with the consent of the court, answers were filed thereto by the administrator on April 28, 1955.

In the petitions filed by Wolf for said citations he avers substantially the same facts as set forth in the petitions for revocation of the letters filed before the register, to which we have already referred, and also advances the same cause for revocation of the letters of administration.

The answers filed by the administrator to the petitions for citations admit the truth of the facts averred in the petitions, but deny their relevancy to the issues involved and the conclusions of law to be drawn therefrom.

No testimony was submitted and therefore the answers filed by the administrator have the practical and legal effect of a demurrer.

The appellant does not challenge the personal fitness, competency or qualifications of the administrator. The sole reason given by the appellant for requesting a revocation of the letters of administration is clearly set forth in paragraph II of his petitions filed with the register and reiterated in paragraph 19 of his petitions for citation to show cause, which we quote as follows:

"Your petitioner believes and avers that although it was not evident to the Register of Wills when letters were issued, the sole purpose of having a non-resident administrator appointed in this case was to oust the proper and rightful jurisdiction of the Courts of York County and of the Commonwealth of Pennsylvania to hear and determine the issues in the claim for damages for wrongful death of the aforesaid three decedents."

In paragraph 21 of his petition for citation, the appellant says:

"Your petitioner believes and avers that such discretion (meaning of course the discretion exercised by

the Register in granting the letters) was improperly exercised where the sole and evident purpose of the appointment of the non-resident administrator is to oust the proper and lawful jurisdiction of the courts of this Commonwealth."

In other words, the appellant contends that the register, without any ulterior motive, unwittingly abused and improperly exercised his discretion in granting letters to a nonresident of the Commonwealth, and by so doing, fell an innocent victim to the ulterior motives of the widows of the decedents to create a diversity of citizenship and thereby *"oust"* the jurisdiction of the Court of Common Pleas of the County of York and confer jurisdiction upon the District Court of the United States for the Middle District of Pennsylvania to entertain the civil actions for damages for the alleged wrongful death of said decedents. From this the appellant argues that he is put to a great disadvantage and that he has been deprived of his right to have said litigation determined in the Court of Common Pleas of the County of York. He therefore invokes the provisions of section 402(a) of the Register of Wills Act of June 28, 1951, P. L. 638, which says:

"The register may revoke letters of administration granted by him whenever it appears that the person to whom letters were granted is not entitled thereto."

We hold that what is referred to in this section is the power and authority to revoke letters granted improvidently, the right to grant letters to proper persons being conceded; the act is not directed at the total lack of right or power to grant any letters: Phillip's Estate, 293 Pa. 351.

To the register of wills is committed, in the first instance, the duty of granting letters of administration, and he acts judicially in the performance of that duty.

From a decree granting or refusing letters an appeal lies to the orphans' court under section 208(a) of the Register of Wills Act of 1951 by any party in interest who is aggrieved by such decree. While such appeal, in a certain sense, brings the matter complained of before the orphans' court de novo, that court does not, strictly speaking, act originally, but is confined to a review of the discretion of an inferior judicial officer and, if the legal discretion of that officer has not been abused in his appointment of an administrator, his selection cannot be disturbed.

Within the class entitled to letters, the selection of an administrator is in the discretion of the register and his decision is absolute unless personal incompetency or other disqualification is shown. The application to revoke letters of administration must be made to the register and not to the orphans' court.

The orphans' court has original jurisdiction and power under sections 331 and 332 of the Fiduciaries Act of April 18, 1949, P. L. 512, for the causes therein set forth, to remove a personal representative, but has no power to revoke letters of administration, except upon an appeal from the decision of the register refusing to do so, and when it is made to appear that the register abused his discretion in granting the letters.

The alternative prayer of the appellant, in his petition for citation to show cause, cannot avail him anything: Levan's Appeal, 112 Pa. 294; McMurray's Estate, 256 Pa. 233; Phillip's Estate, 293 Pa. 351; Friese's Estate, 317 Pa. 86.

The discretionary power and authority of the register (and perhaps his duty under certain circumstances) under section 305(b)(6) of the Fiduciaries Act of 1949, to honor the widow's renunciation of her right to letters and grant letters to her nominee is not and could not be successfully challenged.

Neither could the register's discretionary power and authority, under section 307 (a) of the same act of assembly to grant or refuse letters to a nonresident of this Commonwealth in these three estates be successfully denied. It therefore follows that the decision of the register in granting the letters of administration in these three estates to a nonresident of the Commonwealth was a legal exercise of his discretionary power and authority and the letters so granted are prima facie legally valid.

True, section 402 (a) of the Register of Wills Act of 1951, does empower the register to revoke letters of administration granted by him when it appears that the person to whom letters were granted is not entitled thereto, but in these three estates the administrator to whom letters were granted was, by virtue of the widow's renunciation and her nomination and exercise of the register's discretion, entitled to the letters and therefore it is beyond the power of the register to revoke the letters so granted.

The register has no right or power to review the legal exercise of his discretion in granting letters of administration, unless it is shown that the granted letters are either void ab initio, or avoidable because of the register's lack of jurisdiction, mistake or fraud practiced upon him in the original grant of letters: Serrel Estate, 69 D. & C. 69; Obici Estate, 373 Pa. 567. If one of these elements is present to influence the register in granting the original letters, and there certainly was none in any of these three cases, not even a bald suggestion of any, it necessarily follows, under the authorities already cited, that the discretion exercised by the register in granting the letters, as he did, is beyond recall.

The motive inducing the request for letters, unless it constitutes fraud upon the register in granting the

letters, furnishes no valid legal reason for the refusal of letters nor for revoking letters after they have been granted and the register in a proceeding to revoke letters will not inquire into the motive of the parties requesting letters, even though the motive be to create a diversity of citizenship and confer jurisdiction upon a Federal court.

While we have not found any appellate court decision in which the above principle has been held, there are numerous lower court cases which we think clearly sustain it. See Serrel Estate, supra; Johnson Minor, 3 Fid. Rep. 337; Fike Estate, 80 D. & C. 322, at page 327.

Another reason which prevents the register of wills from reviewing his discretion in these matters is that a revocation of the letters would, in effect, be the removal of an administrator, an exercise of power which is not conferred upon him by any act of assembly. The power to remove an administrator is wholly vested in the orphans' court, and the proceeding cannot even be instituted for that purpose before the register of wills. This principle is so well established that citation of authorities seems to be unnecessary.

. Another insuperable objection to sustaining this appeal is the fact that the appellant is not a party having any pecuniary interest in the estate of the decedent. He is neither an heir nor a creditor. He bases his right to take this appeal entirely on the fact that he is a defendant in the civil actions hereinbefore referred to, but that alone makes him only a possible debtor of this estate and does not qualify him with an interest to attack the letters of administration granted in this estate.

The right of appeal from the decree of the register of wills under section 208 (a) of the Register of Wills Act of 1951, and under section 771 of the Orphans'

Court Act of August 10, 1951, P. L. 1163, is limited to an aggrieved party who has a pecuniary interest in the estate of a decedent.

In Reamer's Estate, 315 Pa. 148, and Friese's Estate, 317 Pa. 86, it was held by the Supreme Court that one not financially interested in an estate has no standing to nominate an administrator. It follows that one who does not have a financial interest in an estate has no right to appeal from the decision of the register in granting letters of administration in an estate.

In Serrel Estate, supra, an administratrix brought an action for damages for decedent's wrongful death in the United States District Court for the Eastern District of Pennsylvania, against Norfolk and Western Railroad. The railroad company, joined by the father and mother of the decedent, petitioned the register of wills to revoke the letters of administration. The register revoked the letters and an appeal was taken by the administratrix who raised the question of the right of the railroad company to become a petitioner for the revocation of the letters.

In Serrell Estate, 69 D. & C. 69, at page 72, Bolger, judge of the Orphans' Court of Philadelphia, held as follows:

"It is clear that the railroad company has no standing here nor did it have any standing before the register. In In re Beider's Estate, 10 Pa. 261, it was held that the spirit of the Register of Wills Act offers no pretense for the intrusion of strangers who have nothing at stake in their own right or as representatives; that these acts allow none to caveat or appeal but those who can exhibit a pecuniary interest in decedent's estate. This doctrine is ancient and universal."

See, also, Kowtko Estate, 2 Fid. Rep. 651; Kreider Estate, 85 D. & C. 443; Jones Appeal, 10 W. N. C. 249; Krummel Estate, 2 Lanc. 247, and Maseloff Estate, 2 D. & C. 2d 120, and cases therein cited.

The register's decision from which this appeal was taken was based upon a written opinion furnished him by his able attorney, Richard E. Kohler, Esq., member of the York County bar. We might well have decided this controversy by adopting the able opinion submitted to the register by his attorney, but, inasmuch as it has been suggested that an appeal to the Supreme Court from our decision may be taken, we thought it proper to file an opinion stating our conclusions of law in our own way, although in entire harmony with the lucid opinion of counsel for the register of wills.

We, therefore, enter the following

### Decree

And now, to wit, July 29, 1955, the appeal of Clarence E. Wolf from the decision of the register of wills refusing to revoke letters of administration to Marvin K. Wertz, in the Estate of Earl Leroy Wertz, deceased, is dismissed, and the costs of the appeal are directed to be paid by the appellant.