**Frantz Estate**

*R. Bruce Brumbaugh,* for petitioners.
*Charles McAleer,* for administratrix.
*Robert C. Haberstroh,* county solicitor.

KLEPSER, P. J., February 28, 1963.—Horace Frantz died intestate survived by two brothers, a sister and children of two predeceased sisters. Of these six heirs at law, four are Blair County residents, including the sister Mrs. Keith. Mrs. Keith took out letters of administration shortly after decedent's death. No notice of her application for letters was given the other heirs and no renunciations were filed with the register.

The other heirs except one brother filed a petition to revoke the letters, which was certified to this court without the taking of testimony. On motion of petitioners' counsel, we heard oral argument on the issues of validity of the grant of letters to Mrs. Keith and the certification without hearing by the register. These are the two questions to be resolved.

The opinion of this court is that when administration is granted to one within the entitled class with neither renunciations by nor opportunity to be heard afforded the other heirs residing in the county of administration, the letters are summary and void. The Fiduciaries Act of April 18, 1949, P. L. 512, is silent on notice, but it is required by natural law as a fundamental right.

". . . before the rights of an individual can be bound by a judicial sentence he shall have notice of the proceeding against him. This is announced to be an axiom of natural justice and of universal application, by MARSHALL, C. J., in the case of the Mary, 3 Peters'

Con. Rep. 312. . . . Indeed, its observance is felt to be so entirely essential to the preservation of individual right and the advancement of social obligation, that no official endorsement is required to enforce its general acceptance": McKee v. McKee, 14 Pa. 231.

Although no appellate decisions are found directly on point, this rule is applied to grants of letters under section 305 (b) (3) of our present Fiduciaries Act by the lower courts. Buell's Estate, 2 Fiduc. Rep. 10, held that the failure to give notice, absent renunciation of the right to administer by the other heir within the class, constituted clear and obvious error. The Orphans' Court of Mifflin County found a grant of letters under these same circumstances to be void ab initio and subject to revocation. See Nearhoof Estate, 8 D. & C. 2d 199, 6 Fiduc. Rep. 209. The letters granted to Mrs. Keith being void, they must be revoked and we so order.

The record is now referred back to the register. There being no hearing or testimony taken by him yet, certification is premature: McQuade Estate, 80 D. & C. 557; Ulmer Estate, 80 D. & C. 359, 2 Fiduc. Rep. 297; Nearhoof Estate, supra. The register has original jurisdiction over appointments to administration. The authority to determine to whom letters should be granted rests with him in the first instance and not with this court. Until he has conducted some hearing, however informal, with a fair opportunity given all resident heirs within the class to be heard before the issuance of letters, there has been no exercise of that authority and discretion vested in him by the legislature.

Our law recognized the weight to be given the wish of the majority in interest by the register in selecting a personal representative for an intestate's estate. See McClellan's Appeal, 16 Pa. 110; McMurray's Estate, 256 Pa. 233. In these cases the majority nominee by statute had to come from the class of heirs entitled to

the estate. This has been changed by section 305 (b) (5) and (6) of the Fiduciaries Act of 1949, now sanctioning appointments from without the class. A grant of letters thereunder to a stranger is proper whenever antagonisms, dissatisfaction or animosity exist among the heirs so as to work their disqualification from appointment: Schulz Estate, 392 Pa. 117; Conlin Estate, 89 D. & C. 318. A register may deviate from the order of entitlement to letters for good cause shown. Since prior to the Act of 1949, the presumption was that the majority in interest were in the best position to advise as to who within the class was best suited for the fiduciary duties of administration, they are likewise in the best position to recommend who among the class of heirs is not best suited to administer an estate.

At hearing it will be the duty of the register to afford all six of the heirs the chance to be heard relative to the grant of letters. We do not find it obligatory on the register to give notice to heirs who are nonresidents of the county of administration prior to an initial grant, especially when their individual interests do not entitle them to priority of consideration for administration in their own right, but such heirs are proper parties to a petition to revoke once a dispute has arisen. This is particularly true when, as here, they form a part of the majority in interest requesting the appointment of a personal representative in whom they can repose greater faith and trust in protecting their estate interests.

Each of the heirs should be given notice of the register's hearing and each given a voice commensurate to the weight of his or her interest in the estate. Any who neglect to make known their views should be forever foreclosed from disputing the register's discretionary appointment thereafter.