## Coolidge Estate

*James J. Kirchner*, for appellant.

*Ralph W. Eby, Jr.*, for appellee.

BOWMAN, P. J., January 20, 1966.—Horace E. Coolidge died on December 17, 1964. On January 22, 1965, there was filed in the office of the register of wills the petition of John D. Coolidge, Sr., for the grant to him of letters of administration on decedent's estate. It is set forth in the petition that decedent died intestate and that his heirs and next of kin were two brothers, John D. Coolidge, Sr., petitioner, and Howard Coolidge, three sisters, Zelma Coolidge, Mary Coolidge and Vivian Page, and a nephew, Nicholas Thatcher. It appears that Nicholas Thatcher is the only child of Helen That-

cher, a sister of decedent who predeceased him. Submitted with the petition were renunciations of their right to take out letters executed by Howard Coolidge and Vivian Page, wherein they designated John D. Coolidge, Sr., as their nominee.

After the presentation of the petition for letters, the register of wills issued to Zelma Coolidge and Mary Coolidge a citation to appear on February 23, 1965, and show cause why letters should not be granted to John D. Coolidge, Sr. The hearing was continued to March 1, 1965, on which date Zelma Coolidge appeared with counsel. Mary Coolidge did not appear either in person or by counsel. Following what was apparently an informal hearing, letters of administration were granted to John D. Coolidge, Sr., on the latter date.

On April 1, 1965, an appeal was taken by Zelma Coolidge from the decision of the register of wills, and a petition for citation sur appeal was filed on April 2, 1965. An answer thereto was filed in behalf of John D. Coolidge, Sr., and the record of the proceedings was certified to this court. A hearing was held on May 21, 1965, and the decree of the register granting letters to John D. Coolidge, Sr., was admitted in evidence.

Zelma Coolidge appeared and testified that she knew that she could have presented renunciations in her favor at the hearing before the register and that she did, in fact, submit with her petition for a citation sur appeal renunciations in her favor executed by Mary Coolidge and Nicholas Thatcher. She testified in the main that, in her opinion, decedent's estate had a substantial claim against the Veterans Administration for pension funds, that she is prepared to pursue this claim, and that her objection to the appointment of John D. Coolidge, Sr., as administrator of decedent's estate is based upon his expression to her of an unwillingness to pursue the claim. She also indicated that it is her opinion that any assets of this estate should

pass to the Lillian Coolidge estate, of which she is co-executor, in reimbursement for expenses of maintaining this decedent.

John D. Coolidge, Sr., testified that he was appointed administrator of decedent's estate and that he is prepared to administer the estate, with the assistance of his attorney, according to law. He is aware of the potential claim for pension funds, and testified that he will follow his attorney's advice in regard thereto.

The primary question before us is the qualification of John D. Coolidge, Sr., to act as administrator of this estate. Pertinent hereto is section 305 of the Fiduciaries Act of April 18, 1949, P. L. 512, as amended, 20 PS §320.305, which provides as follows:

"(b) Letters of administration. Letters of administration shall be granted by the register, in such form as the case shall require, to one or more of those hereinafter mentioned and, except for good cause, in the following order:

"(1) Those entitled to the residuary estate under the will;

"(2) The surviving spouse;

"(3) Those entitled under the intestate law as the register, in his discretion, shall judge will best administer the estate, giving preference, however, according to the sizes of the shares of those in this class;

". . .

"(6) If anyone of the foregoing shall renounce his right to letters of administration, the register, in his discretion, may appoint a nominee of the person so renouncing in preference to the persons set forth in any succeeding clause".

Subsections (1) and (2) are obviously inapplicable to this estate. Subsection (3), however, authorizes the register to grant letters to the person or persons who, in his discretion, he deems best qualified to administer the estate.

It has been held that the register, in the first instance, has the duty to grant letters of administration and that, in the performance of that duty, he acts in a judicial capacity: Schulz Estate, 392 Pa. 117. On appeal from his action, judicial review is confined to a determination as to whether or not he abused his discretion in the appointment of the administrator: Phillip's Estate, 293 Pa. 351; McMurray's Estate, 256 Pa. 233; Schulz Estate, supra. We observe nothing in the record before us to indicate that the register has abused his discretionary power in the instant case. It is apparent that letters were granted only after an opportunity was afforded for interested parties to be heard. The appointed administrator has testified to the effect that he will act in the best interests of the estate under the guidance of his counsel, and we are satisfied that the register exercised proper discretion in finding him to be duly qualified.

It is not clear how much weight was given by the register to the renunciations of the other heirs herein concerned, but it is to be noted that at the time of the hearing before him on March 1, 1965, there were before the register two executed renunciations in favor of John D. Coolidge, Sr. Although Zelma Coolidge testified that "it was a tie", we observe that the renunciation in her favor executed by Mary Coolidge is dated March 10, 1965, and that executed by Nicholas Thatcher bears no date. There is no evidence that they were or could have been submitted to the register on March 1, 1965.

Appellant contends that it was error on the part of the register to grant letters to anyone without first having notified all interested persons within the same class that an application had been made. It is conceded that formal notice of the application of John D. Coolidge, Sr., for letters was not given to Nicholas Thatcher, decedent's nephew, a resident of New York City, N. Y.

Counsel for appellant has cited Buell's Estate, 2 Fiduc. Rep. 10, and Nearhoof Estate, 8 D. & C. 2d 199, as authority for his contention that notice should have been given to decedent's nephew, and we concede that those decisions would require notice in factual situations similar to those therein concerned. The Fiduciaries Act of 1949, however, is without provision for notice to interested parties, and it was the finding of the court in Frantz Estate, 32 D. & C. 2d 351, 14 Fiduc. Rep. 93, in which Buell and Nearhoof were cited, that the register was not obliged to give notice prior to an initial grant of letters to heirs who were nonresidents of the county of administration. In Nearhoof and, apparently, also in Buell, the unnotified heirs were residents of the same county as was decedent, and Nearhoof makes particular mention of the fact that the unnotified heir was a resident of that county and, therefore, entitled to be heard. As already indicated, Nicholas Thatcher is a resident of the State of New York.

Inasmuch as the register has the discretion, under section 307 of the Fiduciaries Act of 1949, 20 PS §320.307, to refuse the grant of letters to a person not a resident of the Commonwealth of Pennsylvania, we are satisfied that his failure to notify Nicholas Thatcher of the petition for letters of John D. Coolidge, Sr., was without material error. Furthermore, it is evident that Nicholas Thatcher is not an active candidate for letters, and he has taken no part in this appeal.

We come finally to Zelma Coolidge's request, contained in her petition for a citation sur appeal, that letters of administration be granted to her. She has apparently not heretofore petitioned for the grant of letters, and she made it clear by her testimony that she has no desire to serve as a coadministrator with John D. Coolidge, Sr. We have determined that appellant's seeking the removal of the appointed administrator is without merit, and we are aware of the obviously un-

harmonious relationship existing between appellant and him. We, therefore, reject her plea and enter the following

DECREE

And now, January 20, 1966, the appeal from the action of the register of wills in granting letters of administration to John D. Coolidge, Sr., is dismissed, the appointment is affirmed, and the record is remitted to the register.