## Estate of Marshman

*Arthur M. Wilson*, for appellant.
*Sherman H. Siegel*, for appellee.

TERPUTAC, *J.*, December 6, 1982—This matter is before the court on an appeal filed by Robert G. Marshman from the decision of Kathleen Flynn Reda, Register of Wills of Washington County, contesting the issuance of letters of administration to Shirley A. Steele. Our review is limited to determining whether the Register committed an abuse of

discretion: In Re: Schulz Estate, 392 Pa. 117, 139 A. 2d 560 (1958).

Harry T. Marshman, a/k/a Tom Marshman, died intestate in an automobile accident on April 13, 1982. At the time of his death, decedent was survived by a minor son, Jason Marshman, age four years, and by his natural father and mother, Robert G. Marshman and Shirley A. Steele, the latter having been divorced for some years.

Shirley A. Steele filed an application for letters of administration to the estate of her late son. After a dispute respecting the issue of who should be administrator of the estate, Robert G. Marshman filed his own application for letters of administration. The Register of Wills determined that letters should be granted to Shirley A. Steele and Robert G. Marshman filed the instant appeal.

After due consideration by the court, argument and the filing of briefs, the court is of the opinion that the Register of Wills did not abuse her discretion and that the appointment should be confirmed.

The principal contentions of the father are (1) by virtue of his prior business experience he is more qualified to be the administrator of his son's estate, and (2) in any event, the court should sustain his appeal and grant letters of administration to both mother and father in order that they may act jointly.

Under Section 3155 of the Probate, Estates and Fiduciaries Code, 20 Pa.C.S.A. §3155(b), letters of administration shall be granted by the Register to the persons entitled under the intestate laws as the Register shall in his or her discretion determine, giving preference as indicated in the statute. Since decedent had no surviving wife, his mother and father would be entitled to administer his estate and we see nothing which would prohibit the Register from exercising her discretion by granting letters to the mother, who has been more closely associated with decedent. Furthermore, within the class entitled to letters of administration, the selection of an

administrator should rest in the discretion of the Register and her discretion should not be overturned in the absence of an abuse of her power or an error of law: Phillip's Estate, 293 Pa. 351, 143 A. 9 (1928); Wertz Estate, 6 Pa. D. & C. 2d 429 (1955); Williamson's Estate, 35 Luzerne 309 (1942).

The argument that one may be more qualified by virtue of past business experience does not necessarily create any problem and certainly the failure to show any dereliction of duty or competency on her part would indicate clearly that the discretion exercised by the Register is proper.

Respecting the issue of the grant of letters jointly, this is a matter for the Register. Joint letters of administration should rarely be granted over the protest of one of the parties. Such administration involves joint liability and should not be committed to two or more persons unless they mutually agree: Brubaker's Appeal, 98 Pa. 21 (1881). In addition, since the mother and father have been anything but close over the past years, joint administration might cause more problems that it would solve. Antagonism and unfriendly feelings among the members of the class eligible to be appointed co-administrators of an estate are sufficient basis for disqualification: In Re: Friese's Estate, 317 Pa. 86, 176 A. 225 (1934); In Re: Schulz Estate, supra.

In view of these circumstances we hold that the Register of Wills acted in conformity with her duty under the statute. There was no abuse of discretion and she exercised competent and sound judgment in appointing decedent's mother, Shirley A. Steele.

## DECREE NISI

And now, December 6, 1982, upon consideration of the appeal from the grant of letters of administration to the mother, the appeal is hereby dismissed and the decision of the Register of Wills is hereby confirmed and made absolute.