# WILLIAMS v. WILLIAMS.

---

### JOINT ADMINISTRATION; JUDICIAL DISCRETION.

1. While under sec. 276, D. C. Code, the widow and a child, or the widow and two or more children, of a decedent, may in the discretion of the court, and if they agree, be appointed joint administrators of the estate, they cannot be compelled to act together if either is unwilling to act as joint administrator with the other; and in such a case either the widow or one or all of the children must be appointed administrator. (Explaining *Williams* v. *Williams*, 24 App. D. C. 214.)

2. In such a case, an order appointing a child of a decedent as joint administrator with his widow against the latter's protest, *reversed.*

No. 1500. Submitted January 20, 1905. Decided February 7, 1995.

HEARING on an appeal from an order of the Supreme Court of the District of Columbia sitting as the Probate Court, appointing a child of a decedent coadministratrix of the estate with the widow.                                    *Reversed.*

The COURT in the opinion stated the case as follows:

This cause is here for the second time. It was formerly before us (24 App. D. C. 214) upon an appeal by this same appellant, Elizabeth M. Williams, from order of the supreme court of the District of Columbia, whereby another person was forced upon her against her will as coadministratrix of her deceased husband. That order was reversed, and the cause was remanded to the court below for further proceedings in accordance with the opinion then rendered by this court. In

that opinion, which was pronounced by Mr. Chief Justice Alvey, it was held that a maternal grandmother of two minor children of the deceased could not be forced, upon the petition of the children by their next friend, as coadministratrix upon the widow of the deceased, who was his second wife and the stepmother of the children, notwithstanding that the relations between the children and their stepmother did not appear to be friendly, and it was suggested that their interest in the estate, which consisted merely or mainly of a chose in action, might require protection against possible injurious action by their stepmother as sole administratrix. At the conclusion of the opinion, however, this clause appeared:

"It has been suggested in argument that the eldest child of the deceased has recently come of age; and if that be so, and the child be otherwise qualified, the court may, in the exercise of its discretion, under sec. 276 of the Code, appoint that child as coadministratrix with the widow. We must, however, reverse the order appealed from and remand the cause, that action may be had in the court below in accordance with the foregoing opinion."

When, in pursuance of our decision, the mandate of this court went down, the court below, acting upon what was assumed to be the suggestion of this court in this last clause of the opinion, appointed Bettie G. Williams, the appellee, the oldest child referred to of the deceased, as coadministratrix of the estate of the deceased with the widow, over the objection of the latter; and the latter has again appealed to this court from the order of appointment.

*Mr. Burton T. Doyle* and *Mr. J. Altheus Johnson* for the appellant.

*Mr. Wilton J. Lambert* and *Mr. D. W. Baker* for the appellee.

Mr. Justice Morris delivered the opinion of the Court:

We are constrained to hold that the court below has miscon-

strued the paragraph in the former opinion of this court, which has been relied on in support of the action on account of which the present appeal has been taken. We did not mean in that paragraph to hold that the court below might appoint the widow and the oldest child of the deceased, the latter being of age, to act as joint administrator of the estate of the deceased against the will of either of them. The paragraph was merely the suggestion of counsel, upon which this court declined to act inasmuch as the case was not before it for action.

Section 276 of the Code, which is, with some slight variation, the same as sec. 16 of subchapter 5 of chapter 101 of the Maryland testamentary act of 1798, provides that "if the intestate leave a widow and a child or children, administration, subject to the discretion of the court, shall be granted either to the widow or child or one or more of the children qualified to act as administrator." [31 Stat. at L. 1234, chap. 854.] As between a widow and a child, both qualified to act, this section undoubtedly leaves it to the discretion of the probate court whether it will appoint the one or the other as administrator of the estate. But it must appoint either one or the other, before it can reach out to any other class, inasmuch as the law specifically provides that the classes are to be preferred in the order in which they are enumerated, unless, of course, there is good cause for setting them aside. Undoubtedly, also, under this sec. 276, although the provision is in the disjunctive that administration may be granted, in the discretion of the court, *either* to the widow *or* to a child, *or* to two or more children qualified to act, a widow and child, or a widow and two or more children, may be appointed as joint administrators, and it is competent for the probate court to make such appointment, for, as between the widow and child, both competent to act, the law does not seem to recognize any preference or priority.

But in so far as this court entertained this suggestion at the last hearing of the case, it did not mean to intimate that joint administration could be forced upon unwilling parties. It meant to say that the widow and the child, or the widow and two or more children, if they agreed, could be selected by the court

to take joint administration of the estate.   It did not mean to say that they could be compelled to act together if either one was unwilling.   Joint administration with joint liability, where the parties, from the very beginning, proclaim themselves as hostile, or at least as adverse to each other, would be an anomaly in the law, and likely to lead to worse consequences than would the commission of administration to one of the hostile parties alone.   What the supreme court of the State of Pennsylvania said in the case of *Brubaker's Appeal,* 98 Pa. 21, is very pertinent here.   It said: "The prevailing rule is not to enforce a joint administration on unwilling parties.   It is very evident from this that the court (the orphans' court) recognized the impropriety of attempting to create a joint administration against the protest of one of the parties thereto.   The nature of the office forbids it.   Joint administration necessarily involves joint liability, and no one can be compelled to assume such responsibility.   Due regard to individual rights, as well as the interest of the estate, requires that administration should not be committed to two or more persons unless they mutually agree to accept the trust."

And it was said in a New York case, *Peters* v. *Public Administrator,* 1 Bradf. 200, after a full consideration of all the English cases that had any bearing on the subject, that "such a thing was never heard of as the court forcing upon a party entitled to a joint administration against his consent."

The hostility, or antagonism, or whatever it may be, between the widow and the children in this case, is greatly to be regretted; but it does not appear to us that it will improve things to place them in a position wherein they should consult freely with each other, if they would perform their duty, and yet wherein, on account of their antagonism, they would find it impossible, perhaps, to consult with each other.

We are constrained to hold that it was error in the court below to appoint the appellee, Bettie G. Williams, as joint administratrix with the widow of the deceased, Elizabeth M. Williams.   The order for such appointment must, therefore, be reversed, with costs; and the cause will be remanded to the su-

preme court of the District, with directions to vacate such order, and for such further and other proceedings therein as may be proper according to law. And it is so ordered. *Reversed.*