Davis Estate.

Argued September 28, 1950. Before DREW, C. J., STERN, STEARNE, JONES and LADNER, JJ.

*Louis Vaira,* with him *Paul N. Barna,* for appellant.

*Ralph B. Umsted,* Deputy Attorney General, with him *George O. Frazier, Charles J. Margiotti,* Attorney General, *D. M. Anderson, Jr.* and *Anderson & Anderson,* for appellee.

OPINION BY MR. CHIEF JUSTICE DREW, November 20, 1950:

Joseph Davis died, intestate and without known heirs, on February 17, 1948, in Donora, Washington County. An administrator was appointed and when the estate was called for audit William Davis, appellant, appeared and claimed the estate as decedent's half brother and sole heir. After hearing much testimony, the learned court below dismissed his claim and awarded the estate to the Commonwealth under the Intestate Act of April 24, 1947, P. L. 80.

Little would be gained by an attempt to review in detail the testimony of appellant and his witnesses.

The lower court found that the evidence offered by appellant was so meagre in detail and so conflicting that the court in good conscience could not sustain the claim of appellant. After carefully studying the record we have reached the same conclusion. Appellant, who lives in Danville, Virginia, testified that decedent left home around 1912 to come to Pennsylvania and that thereafter he was in contact with appellant only twice, once by letter and once when decedent visited appellant in Virginia. He could give no accurate history of family births, deaths or related matters. Several of his witnesses testified that they had carried messages between appellant and decedent and one witness stated that he had seen them together on several occasions. All of these statements were denied by appellant. In addition to those conflicts in appellant's own case, the Commonwealth called seven witnesses, several of whom were substantial citizens of Donora, who testified that decedent claimed to have been born and raised in North Carolina.

To support his case appellant offered in evidence three documents. Two of these were marriage licenses of appellant's father, the first showing his marriage in 1867 to Martha, whom appellant claims was decedent's mother, and the second in 1876 to Harriet, appellant's mother. The third document was an employment record of decedent which showed that he was born in Danville, Virginia in 1879. If we accept the accuracy of those documents, it is apparent that decedent could not be appellant's half brother since decedent's purported mother had died or been divorced at least three years prior to his birth. On the other hand, if the records are inaccurate they are of no evidentiary value in this case and we are then forced to rely solely on the oral testimony. In either event we are faced with numerous discrepancies and shortcomings in the evidence and when they are considered it

becomes apparent that appellant's claim was properly dismissed. The burden is always upon a claimant to prove kinship to a decedent by a fair preponderance of the credible evidence and in the absence of any legal error the findings of the Orphans' Court in that regard are binding on this Court: *Link's Estate (No. 1)*, 319 Pa. 513, 180 A. 1. Certainly there was no legal error in the finding that appellant failed to prove his relationship to decedent.

After the hearings had been completed, appellant filed a petition seeking to have the issue here involved determined by a jury. That petition was filed in accordance with §21(a) of the Orphans' Court Act of June 7, 1917, P. L. 363. That Act gives the Orphans' Court the power at its discretion to grant or refuse such a petition and appellant can point to nothing which shows an abuse of that discretion. Had the request been made earlier in the proceedings the lower court might well have granted it but after having heard all of the evidence and being convinced that appellant had completely failed to show his relationship to decedent, the court used sound discretion in refusing to consume more time by granting the petition.

The learned court below in its decree awarded the estate to the Commonwealth "not as escheat property but under provisions of §12 of the Intestate Act of 1947, P. L. 80." However, §12 is merely a procedural section and cannot be the basis for an award. It is §3(6) of that Act which provides that the Commonwealth shall take as an heir where there are no first cousins or other closer relatives. In such cases §12 provides that the administrator shall liquidate the estate and pay the funds into the State Treasury. Furthermore, the court below stated in its opinion that it was not dismissing the claim of appellant but was merely holding that he had failed at this time to produce sufficient evidence to prove his relationship. To

effectuate that result it would be necessary to make the award to the Commonwealth under §1314 of The Fiscal Code of April 9, 1929, P. L. 343. We, therefore, must remand this case to the court below so that it may, in its discretion, make the award to the Commonwealth as custodian under §1314 of The Fiscal Code or as an heir under §3(6) of the Intestate Act. In all other respects, we are in full accord with the action of the court below.

The decree is vacated and the record is remanded to the court below to enter a decree not inconsistent with this opinion.