## Inheritance Tax on Escheatable Funds

UMSTED, Deputy Attorney General, January 15, 1951.—You have requested this department to advise you if registers of wills should collect inheritance tax on escheatable funds coming to the Commonwealth from decedents' estates.

Escheatable funds of decedents come to the Commonwealth, either by escheat under the Act of May 2, 1889, P. L. 66, as amended, 27 PS §§41 et seq., or without escheat under section 1314 of The Fiscal Code of April 9, 1929, P. L. 343, 72 PS §1314, or as an heir under section 3 of the Intestate Act of April 24, 1947, P. L. 80, 20 PS §1.3. In each case the funds initially come to the Commonwealth, although in any case they may be subject to refund. Where the funds are had under the Escheat Act of 1889 the adjudication may be opened within three years under section 22, 27 PS §91,

and the funds paid to the rightful owner. Where the Commonwealth takes under the Intestate Act of 1947, refund may be had within seven years under section 13, 20 PS §1.13. Where the Commonwealth takes under The Fiscal Code, supra, refund may be made at any time under section 504, 72 PS §504; Rhodes v. Hannebauer Estates, 71 D. & C. 330 (1950) ; Davis Estate, 365 Pa. 605 (1950).

Section 1 of the Act of June 20, 1919, P. L. 521, as last amended by the Act of May 11, 1949, P. L. 1083, 72 PS §2301, reads, in part, as follows:

"A tax shall be, and is hereby, imposed upon the transfer of any property, real or personal, or of any interest therein or income therefrom in trust or otherwise, to persons or corporations in the following cases:

"(a) When the transfer is by will or by the intestate laws of this Commonwealth from any person dying seized or possessed of the property while a resident of the Commonwealth, whether the property be situated within this Commonwealth or elsewhere."

It is to be noted that the inheritance tax is imposed only where there is a transfer of property "to persons or corporations".

That such language in a statute does not include the Commonwealth of Pennsylvania is made abundantly clear by Deputy Attorney General Keitel in Formal Opinion No. 304, dated November 13, 1939, to the Pennsylvania Liquor Control Board, 1939-1940 Op. Atty. Gen. 122, where many cases to this effect are cited, starting with Commonwealth v. Yeakel, 1 Woodward 143, 144 (1863), where the rule is stated as follows:

". . . In a general law passed in order to regulate the rights and duties of citizens, the sovereign is not embraced unless included in the express terms of the statute. . . ."

Until then, escheatable funds are about to pass into the hands of individuals or corporations, under the re-

46

fund provisions of the acts above indicated, there is no tax due.

We are of the opinion and you are accordingly advised that inheritance tax should not be collected by registers of wills on escheatable funds going to the Commonwealth, either by escheat, without escheat or as an heir. Refund of such funds to persons or corporations are, however, subject to inheritance tax at the rate fixed by law.