## Maguire Estate

Before Klein, P. J., Bolger, Saylor and Shoyer, JJ.

*Irvin Stander*, Special Assistant Attorney General, for Commonwealth, exceptant.

*Joseph L. McGlynn, Jr.*, Assistant United States Attorney, and *Harold K. Wood*, United States Attorney, for the United States.

SAYLOR, J., November 1, 1957.—The sole question for determination is this: Does the Commonwealth of Pennsylvania receive as an "heir" under the Intestate Act of 1947 the personal estate of an incompetent veteran dying, intestate and without leaving any next of kin, in a Veterans Administration hospital or does the United States Government take the estate under provisions of an Act of Congress?

Decedent, a Pennsylvania citizen, received an "ineptitude discharge" from the United States Navy in 1918 and was committed to the State Hospital at Norristown where he remained as a patient until 1928. In 1922 he was taken over as a hospitalized beneficiary of the veterans bureau and in 1923 he was adjudged an incompetent by the Court of Common Pleas No. 3. In 1928, at the request of the Veterans Bureau (now Administration), and with the consent of the guardian, he was transferred to the United States Veterans' Hospital at Perry Point, Md., where he resided until his death in 1953.

Decedent left neither a will nor a relative as close as a first cousin. His estate was worth approximately $25,000. Of that amount decedent had inherited $8,936 from his father and had received a bonus of $100 from the Commonwealth of Pennsylvania. Over $8,500 was

received from the Veterans Administration and $10,-000 represented accumulated income.

The Intestate Act of April 24, 1947, P. L. 80, sec. 3, 20 PS §1.3(*b*), provides that in default of the survival of any person within the degree of consanguinity of first cousin, the estate of an intestate passes to the Commonwealth. It accordingly presents its claim to the entire fund.

On the other hand the Federal Government claims the estate under the Act of Congress of June 25, 1910, c. 284, as amended December 26, 1941, c. 634, 55 Stat. 868, 38 U. S. C. §17-17(j) which provides that:

". . . whenever any veteran (admitted as a veteran) shall die while a member or patient in any facility, or any hospital while being furnished care or treatment therein by the Veterans' Administration, and shall not leave surviving him any spouse, next of kin, or heirs entitled, under the laws of his domicile, to his personal property as to which he dies intestate, all such property, including money, and choses in action, owned by said decedent at the time of death and not disposed of by will or otherwise, shall immediately vest in and become the property of the United States as trustee for the sole use and benefit of the General Post Fund, a trust fund prescribed by section 725(b) (45) of Title 31.

"The foregoing provisions are conditions precedent to the initial, and also to the further furnishing of care or treatment by the Veterans' Administration in a facility or hospital."

The Commonwealth contends that the conditions for the estate becoming the property of the United States were not fully met as there was an "heir" surviving decedent, namely itself, under the Intestate Act of 1947.

This contention was previously raised by the Commonwealth in Skriziszouski Estate, 382 Pa. 634, where

its validity was denied. In that case the veteran's estate consisting almost entirely of funds received from the Federal Government was awarded to the United States, our Supreme Court finding that the word "heir" as used in the Act of Congress did not include the Commonwealth.

The court, divided though it was, found that the word heir was used by the Congress in its common meaning or usage and that Congress did not intend to extend its application beyond relatives in various degrees of consanguinity and to include States of the Union. The intent of Congress was to benefit the veteran and if he left no will and no relatives the money the Federal Government gave him should be returned to it.

Our Supreme Court said, page 638:

"The words 'next of kin' or 'heirs' of personal property considered in conjunction ejusdem generis with the prior word 'spouse', as well as the origin of the fund, and the reason for the Act—all of these make clear that the Commonwealth is not a next of kin or heir within the meaning of the Act."

The Commonwealth seeks to differentiate the Skrizizouski case from the instant one. Here not $50 but approximately 50 percent of a $25,000 estate had its source not in Federal bounty but in State bounty or private bequests. The Commonwealth contends that Justice Bell in his opinion placed strong reliance on the fact that almost the entire fund came from Federal Government contributions.

However that may be, the Federal act makes no distinction as to the source of the intestate veteran's estate. It does not claim reimbursement to the United States of only the funds it gave.

In any case the Supreme Court of Pennsylvania has spoken. As stated by the learned auditing judge:

"It is not for this court to say that the Supreme Court failed to consider all of the facts existing in the Skriziszouski case in reaching its decision. If any correction or modification is to be made in the rule which has been enunciated, it must be made by the Supreme Court, itself, not by us. Warden Trust, 5 Fiduc. Rep. 231 (1955). A majority of the justices of the highest court in our state has spoken and it is our duty to adhere to the principles of the law as pronounced by them."

Accordingly, the exceptions of the Commonwealth of Pennsylvania are dismissed, and the adjudication is confirmed absolutely.