## Barnhart Estate

**318**

*R. Wallace Maxwell,* for appellant.

*W. Robert Thompson,* for administrator.

HOOK, P. J., July 27, 1959.—This matter is now before the court on appeal from the decision of the register of wills in the above estate dismissing the petition of F. H. Morrow asking for a citation to show cause why letters of administration issued to Samuel P. Weaver on or about October 18, 1958, should not be revoked. J. L. Barnhart died intestate on June 12, 1925. He had no heirs closer than a second cousin named Frank H. Morrow, except for the possibility of a nephew named Frank M. Barnhart, also known as Frank M. Roup. If Frank M. Roup is living, he is the only heir to the Barnhart estate. If he died prior to decedent, the estate will escheat to the Commonwealth of Pennsylvania.

Frank H. Morrow applied for letters of administration to Harold Dulaney, register of wills, as the nominee of the Commonwealth of Pennsylvania. In the application Samuel P. Weaver, a principal creditor, filed a renunciation. The register of wills refused to grant letters to Mr. Morrow. Mr. Weaver then withdrew his renunciation and filed his application for letters of administration as principal creditor. A hearing was had before the register of wills, testimony taken and by agreement of all parties concerned, the testimony taken before the register of wills was offered in evidence at the time of the argument in lieu of taking additional testimony.

In the petition for citation to revoke the letters of administration granted to Samuel P. Weaver, petitioner alleged as follows:

"5. On or about October 15, 1958, the Register of Wills of Greene County, Pennsylvania, set November 15, 1958 as the time for a hearing to determine to whom letters of administration would be issued on said estate . . .

"7. That your petitioner believes, and expects to prove, that at the time of the death of the said J. L. Barnhart, the Commonwealth of Pennsylvania was the only heir at law to the said J. L. Barnhart, and that letters of administration should have been granted to the nominee of the Commonwealth."

The only testimony as to whether or not Harold Dulaney, register of wills, set November 15 as a time for hearing to determine to whom letters of administration would be issued, appears in the letter dated October 6, 1958, from Mr. Morrow to Jerome Jay Cohen, Supervisor, Division of Escheats, Harrisburg, wherein he stated: "Mr. Dulaney informed me that he has several other applications for letters of administration, and consequently he is going to schedule a hearing sometime about the middle of November, 1958 before he decides to whom he will grant the letters of administration." Apparently Mr. Dulaney never set a date for a hearing to pass upon the applications filed, for on October 18, 1958, he granted letters of administration to the said Samuel P. Weaver. Had petitioner herein filed a caveat against the granting of letters within a period of 10 days thereafter, or later, providing a bond had been filed within said period without holding a hearing, we would not hesitate to say that letters of administration were granted improvidently: Phillip's Estate, 293 Pa. 351.

From the testimony, it appears that Frank Roup, also known as Frank Barnhart, was raised by his

grandparents, Benjamin Franklin Barnhart and Lucy Headlee Barnhart, and should be approximately 64 to 65 years of age, if now living. The last information was that he was still living, and had been divorced and removed from Washington, Pa. His present address or whereabouts are unknown. There was no testimony as to whether or not he is living or dead.

It is the contention of petitioner that the Commonwealth, under section 3(6) of the Intestate Act of April 24, 1947, P. L. 80, 20 PS §1.3, has a preferred right to have its nominee appointed administrator. The Commonwealth claims this position by virtue of the provisions of section 305 (*b*) (3) of the Fiduciaries Act of April 18, 1949, P. L. 512, 20 PS §320.305, which provides that except for good cause, letters should be granted by the register in the following order:

"(3) Those entitled under the intestate law as the register, in his discretion, shall judge will best administer the estate, giving preference, however, according to the sizes of the shares of those in this class;

"(4) The principal creditors of the estate;

"(5) Other fit persons;

"(6) If anyone of the foregoing shall renounce his right to letters of administration, the register, in his discretion, may appoint a nominee of the person so renouncing in preference to the persons set forth in any succeeding clause."

In the present case, distribution to the Commonwealth under the intestate law would only be after it is clearly established to the satisfaction of this court that Frank M. Roup is now deceased, and that there are no surviving relatives of decedent closer than second cousins.

Petitioner contends that under the ruling in Springer Estate, 5 Fiduc. Rep. 528, the register of

wills is without power to grant letters of administration to nominee of creditors when there are no known heirs closer than second cousins, maintaining that the Commonwealth is a statutory heir and must be notified so that it can nominate a suitable person. In Springer Estate, the court held that the Commonwealth should have had notice of any granting of letters of administration, and had the right to appear before the register, as a substantial and only heir, and nominate a suitable person to act as administrator.

Respondent maintains that under the ruling in Cleaver Estate, 17 D. & C. 2d 335, the decision of the register should be sustained. In that case, the court held that letters of administration granted to the nominee of a creditor after notice to Commonwealth would not be revoked on petition of the Commonwealth to have its nominee appointed.

In the present case, Samuel P. Weaver, appointed by the register, is competent and qualified to act as administrator, as is Frank H. Morrow, the Commonwealth's nominee. Both are suitable and qualified in every respect to properly administer the estate.

We do not believe it to have been the intention of the legislature to give to the Commonwealth of Pennsylvania, as a possible statutory heir of decedent, the right to nominate a person to whom letters of administration must be granted by the register of wills. Our duties in matters of this kind are clearly set forth in Schulz Estate, 392 Pa. 117, 123:

"The statute commits to the Register of Wills, in the first instance, the duty to grant letters of administration and in the performance of that duty the Register acts in a judicial capacity. On appeal from his action judicial review is confined to a determination whether the Register of Wills has abused his discretion in the appointment of an administrator: Phillip's

Estate, 293 Pa. 351, 355 . . .; McMurray's Estate, 256 Pa. 233, 235 . . ."

It may be that the Commonwealth is the only heir in this estate, but nevertheless its rights have been adequately protected. The register required Samuel P. Weaver to file a bond as required by law. He proceeded to administer upon the estate, to convert the real and personal estate to cash, to pay indebtedness, and now is ready to account and distribute the balance to the parties entitled thereto. To revoke the letters at this date, after the administrator's duties have been practically completed, and to turn the money over to another administrator, would only add costs and expense. All acts performed by Samuel P. Weaver, administrator, in good faith cannot be impeached even though there be a subsequent revocation of his letters: Fiduciaries Act of April 18, 1949, P. L. 512, art. 5, sec. 520, 20 PS §320.520. What the court said in Skriziszouski Estate, 382 Pa. 635, 638, is applicable to this case:

"The Intestate Act never calls or refers to or terms or describes the Commonwealth as a next of kin or heir. The Act does use the word 'descend'—it would be just as logical to claim that the Commonwealth was a 'descendant' as to claim it was 'a next of kin or an heir.' Only in the loosest imaginable sense has a 'State' ever been referred to or could be referred to as a next of kin or heir. Cf. dictum in Davis Estate, 365 Pa. 605, 76 A. 2d 643; and Hannebauer Estate, 71 D. & C. 330."

Careful consideration of all the attending circumstances fails to disclose any abuse of discretion on the part of the register. The letters which the Commonwealth seeks here to revoke were properly and lawfully granted, and we find no legal basis for their revocation. The action of the register must therefore be sustained and the appeal dismissed.