## Mackarus Estate (No. 1)

258

Before KLEIN, P. J., BOLGER, LEFEVER, SAYLOR, SHOYER AND BURKE, JJ.

*Ostroff, Lawler & Baker*, for petitioners.

*Drew J. T. O'Keefe*, United States Attorney, and *Sidney Salkin*, Assistant United States Attorney, for United States of America.

*Herbert W. Salus, Jr.*, and *Melvin E. Soll*, Special Assistant Attorneys General, for Commonwealth.

BOLGER, J., February 5, 1965.—This is one of three cases involving applications for letters rogatory or commissions to take testimony of claimants residing in iron curtain countries.

Petitioners are Ostroff, Lawler & Baker, attorneys for alleged nieces of decedent. As in the other cases, petitioners aver that it is necessary that the testimony of claimants be taken by depositions before an American consul; that Federal supremacy compels this court to adopt the requested procedure and that the prayer of the petition should be granted under the rules of civil procedure adopted by the Supreme Court of Pennsylvania. Answers have been filed by the United States and the Commonwealth of Pennsylvania, who claim this fund, which is now in excess of $85,000. The United States claims under General Post Statute of Congress, 72 Stat. 1259, 38 U.S.C.A. §5220, because all of the funds are Veterans' Administration benefits which are due the Federal Government because decedent left no will and had no heirs: Skriziszouski Estate, 382 Pa. 634. The Commonwealth of Pennsylvania

claims as heir or, in the alternative, under section 1314 of The Fiscal Code of April 9, 1929, P. L. 343, or under the Iron Curtain Act of July 28, 1953, P. L. 674. In their answers, respondents deny that petitioners represent claimants; that Federal supremacy prevails; that the petition should be dismissed because the testimony requested would be redundant; that claimants should appear at the trial and that it would be unfair to them to have the testimony taken in claimants' country. They also plead laches.

Since the issues involved herein are in all respects in common with those involved and decided by this court in Zaremba Estate, 34 D. & C. 2d 721, in an opinion and decree filed this day, there is nothing to be gained by repeating that opinion herein; that opinion, therefore, is incorporated into this case by reference and adopted as though herein expressly contained.

For the reasons thus stated, it is ordered that the petition be and is hereby dismissed without prejudice and with leave to claimants to file an amended petition within 60 days.